CHAMBERLAIN *et al. v.* LINDSEY.

(Division A.   March 21, 1932.)

[139 So. 812.   No. 29841.]

**Rodgers & Prisock,** of Louisville, for appellants.

Edward M. Livingston, of Louisville, for appellee.

Smith, C. J., delivered the opinion of the court:

The appellee, an infant three years of age, sued the appellants by his father, as next friend, for an injury

sustained by him from being kicked by a horse, belonging to the appellants, which was running at large in the town of Houston, Mississippi. The injury was inflicted either on the premises of the child's father or in the street adjacent thereto, but just which is not clear from the evidence. The town of Houston has an ordinance prohibiting animals from running at large therein.

The horse was usually confined, when not in use, on the premises of one of the appellants, in charge of a servant who usually drove the horse. This servant was introduced by the appellants, and testified that on the occasion in question he did take the horse "down there" —meaning to the place where it was usually confined— "but a boy that works for somebody else carried him down there and he didn't fasten the gate good, just pushed the gate to and didn't latch it and the horse got out."

The evidence was in conflict as to whether the animal was vicious, and it may be that the jury would have been justified in finding, if vicious, that the fact was not known to the appellants.

The assignments of error are: (1) That the evidence is insufficient to support the verdict; and (2) and (3) that the two following instructions for the appellee should not have been given.

"The court instructs the jury for the plaintiff that it was the duty of the defendants to keep their horse confined, and that under the law they were required not to permit said horse to run at large, and that if you believe by a preponderance of the evidence in this case that defendants permitted such horse to run at large and the plaintiff was injured thereby then you must find for the plaintiff in such sum as the proof shows."

"The court instructs the jury for the plaintiff, that if you find for the plaintiff the form of your verdict will be, 'We the jury find for the plaintiff and assess him damages at the sum of two hundred dollars.' "

The jury returned a verdict for the appellee for two hundred dollars.

The first and second assignments of error will be considered together, in support of which the appellants say, in substance: (1) That before liability can attach to them, it must appear that the horse was, to their knowledge, vicious; and, if mistaken in that, (2) it must appear that the horse was at large with their consent or because of their negligence.

The viciousness vel non of the horse is of no consequence here, for the reason that, leaving out of view section 5441, Code 1930, the town of Houston has an ordinance prohibiting animals from running at large therein.

While there is authority to the contrary, the weight thereof is to the effect that ordinances forbidding the running at large of animals in a municipality are designed, among other things, to prevent their inflicting injury on, or causing injury to, persons in the municipality. 1 R. C. L. 1096; Hansen v. Kemmish, 201 Iowa, 1008, 208 N. W. 277, 45 A. L. R. 498, and cases cited in note thereto at page 507 of 45 A. L. R.

We are not here called on to decide whether an animal, under such ordinances, must be at large by the consent, or because of the negligence, of its owner, in order for the owner to be liable for an injury inflicted by it, for the reason that the evidence here discloses, without conflict, that the horse was at large because of the negligence of the person who, for the time being, was discharging the appellants' duty of confining it.

The ground of the appellants' complaint in the third assignment of error has been eliminated from the record, since the assignment of errors and the brief in support thereof were filed. The clerk of the court below has certified to the clerk of this court a judgment rendered by the court below, eliminating the figures ''200'' from the instruction; the reason therefor being that they were not

in the instruction when given and the case was being considered by the jury.

Affirmed.